Ryan Lee, Esq. (SBN 235879)
Nick Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
10635 Santa Monica Blvd, Suite 170
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
nbontrager@consumerlawcenter.com
Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF CALIFORNIA- SACRAMENTO DIVISION**

| | |
|---|---|
| DEBORAH SWORD and JAMES SWORD, | Case No.: |
| Plaintiffs, | **COMPLAINT and DEMAND FOR JURY TRIAL** |
| vs. | **(Unlawful Debt Collection Practices)** |
| NCO FINANCIAL SYSTEMS, INC, | |
| Defendant. | |

## COMPLAINT

DEBORAH SWORD and JAMES SWORD ("Plaintiffs"), by their attorneys, KROHN & MOSS, LTD., allege the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e)*.

2. Plaintiffs bring this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs' damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION and VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy".

5. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiffs are natural persons who reside in Elyria, Lorain County, state of Ohio and are allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a national company with a business office in Rancho Cordova, Sacramento County, California.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or

COMPLAINT

due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

## FACTUAL ALLEGATIONS

11. In May or June of 2008 Defendant began placing constant and continuous phone calls to Plaintiffs seeking and demanding payment for an alleged debt.

12. Defendant constantly and continuously requested payment for a debt owed by a "Wendy" or "Chad".

13. Plaintiffs informed Defendant that they are not Wendy or Chad nor do they know a Wendy or Chad.

14. Despite Plaintiffs' affirmation, Defendant continues to place approximately two (2) calls every week seeking payment for a debt from "Wendy" or "Chad".

15. Plaintiffs do not owe the alleged debt that Defendant is attempting to collect.

16. Defendant failed to provide Plaintiffs with a 30 day validation notice.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiffs in telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiffs.

    b. Defendant violated *§1692e(2)* of the FDCPA by misrepresenting the amount of the debt because Defendant is attempting to collect a debt Plaintiffs do not owe.

    c. Defendant violated *§1692e(10)* of the FDCPA by using false representation and to collect a debt because Defendant is attempting to collect a debt Plaintiffs do not owe.

    d. Defendant violated *§1692f(1)* of the FDCPA by attempting to collect an amount not authorized by any agreement because Defendant is attempting to collect a

debt Plaintiffs do not owe and never agreed to pay.

    e. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

18. As a direct and proximate result of one or more or all of the statutory violations above Plaintiffs have suffered emotional distress. (See Exhibit "A").

WHEREFORE, Plaintiffs, DEBORAH SWORD and JAMES SWORD, respectfully request judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

19. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

20. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Actual damages,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

23. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, DEBORAH SWORD and JAMES SWORD, demand a jury trial in this cause of action.

                                        RESPECTFULLY SUBMITTED,

DATED: January 22, 2009           KROHN & MOSS, LTD.

By:   /s/ Ryan Lee
       Ryan Lee
       Attorney for Plaintiffs

## VERIFICATION OF COMPLAINT and CERTIFICATION

STATE OF OHIO)

Plaintiff, DEBORAH SWORD, states as follows:

1. I am one of the Plaintiffs in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), DEBORAH SWORD, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 1/12/09                         *Deborah Sword*
                                      DEBORAH SWORD

## VERIFICATION OF COMPLAINT and CERTIFICATION

STATE OF OHIO)

Plaintiffs, JAMES SWORD, states as follows:

1. I am one of the Plaintiffs in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), JAMES SWORD, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 1-12-09                                   _____
                                                            JAMES SWORD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT A**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — YES   NO
2. Fear of answering the telephone — YES   NO
3. Nervousness — YES   NO
4. Fear of answering the door — YES   NO
5. Embarrassment when speaking with family or friends — YES   NO
6. Depressions (sad, anxious, or "empty" moods) — YES   NO
7. Chest pains — YES   NO
8. Feelings of hopelessness, pessimism — YES   NO
9. Feelings of guilt, worthlessness, helplessness — YES   NO
10. Appetite and/or weight loss or overeating and weight gain — YES   NO
11. Thoughts of death, suicide or suicide attempts — YES   NO
12. Restlessness or irritability — (YES)   NO
13. Headache, nausea, chronic pain or fatigue — YES   NO
14. Negative impact on my job — YES   NO
15. Negative impact on my relationships — YES   NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _I was very angry regarding the numerous phone calls repeatedly, after awhile it was becoming a nuisance & annoying._

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: _1/12/09_

Signed Name: _Deborah Sword_

Printed Name: _Deborah Sword_